■  JULIAN HESS, Respondent, v JAN FRANK, Appellant.—Order, Supreme Court, New York County, entered May 15, 1974, which granted defendant's motion to the extent of dismissing on the merits the second cause of action, and which denied the motion insofar as it sought summary judgment or dismissal of the first cause of action, so far as appealed from, unanimously reversed, on the law, and the first cause of action dismissed. Appellant shall recover of respondent $60 costs and disbursements of this appeal. The complaint sets forth two causes of action. In the first cause of action it is alleged that defendant, a psychiatrist, treated the plaintiff from 1961 to September of 1969. It is further alleged that on September 26, 1969 during a regularly scheduled session, the defendant, without any just cause, became abusive to the plaintiff, uttering various words and phrases which the defendant knew or should have known in his professional capacity would cause grave mental anguish to the plaintiff and would be injurious to his health. The record also indicates that the alleged abusive statements were uttered during the course of the parties' argument over fees as well as the appointment schedule. The first cause of action seeks damages in the sum of $100,000. In the second cause of action, plaintiff repeats the allegations contained in the first cause, and seeks recovery of approximately $20,000 which represents the total amount of fees paid by plaintiff to defendant for the treatment rendered between the period 1961 through

September, 1969. The theory of the second cause is that the above-described acts constituted a breach of the agreement to render medical services to the plaintiff. The Supreme Court, in dismissing the second cause of action, stated that the "papers demonstrated that plaintiff paid defendant a fee for each visit that plaintiff made to defendant's office for the purpose of receiving psychiatric treatment. There is nothing in the papers to indicate that such treatment was not in fact rendered during plaintiff's visit, or that defendant had agreed to refrain from uttering the allegedly abusive words in consideration for plaintiff's payments. Accordingly, there is no merit in plaintiff's claim that defendant breached his agreement with plaintiff." We believe that the second cause of action was properly dismissed, but conclude that the first cause of action should also have been dismissed. The Supreme Court upheld the first cause of action as being one sounding in malpractice —which was apparently the theory urged by plaintiff. However, the complaint failed to set forth the traditional elements of a claim for malpractice. As stated in New York Jurisprudence, "negligence is the basis of a malpractice action which is tortious in nature and predicated upon a failure to exercise requisite skill." (45 N.Y. Jur., Physicians & Surgeons, § 159.) The conduct complained of, however, was not part of the course of treatment and there is no claim or indication that defendant failed to provide medical services in accordance with accepted standards or that he did not exercise requisite skills in the treatment of the plaintiff. The argument which ensued between the parties and the abusive language allegedly employed by the defendant, if it may in some manner be considered a tortious act, may not be considered an act of professional misconduct, and, indeed, was unrelated to the medical treatment which was being rendered. Concur—Markewich, J. P., Kupferman, Murphy, Tilzer and Lane, JJ.